**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID. Nos. 1705002474, |
| | ) | 1705004722 |
| ROBERT P. CAULK, | ) | |
| Defendant. | ) | |

Submitted: June 29, 2021
Decided: July 12, 2021

## ORDER DENYING MOTION TO REDUCE SENTENCE

Upon consideration of Defendant Robert P. Caulk's Motion to Reduce Sentence (D.I. 62)[1], the State's response thereto (D.I. 64), and the record in this case, it appears to the Court that:

(1)     After a two-day bench trial, the Court entered a verdict finding Mr. Caulk guilty of one count of Robbery in the First Degree and one count of Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF") stemming from his hold up of a convenience store in April 2017.[2]  The Court also found Mr. Caulk guilty of one count of Robbery in the First Degree for each of two other robberies of the same convenience store

---

[1]    To avoid confusion, unless otherwise noted, the Court will reference only the docket entries from Case ID No. 1705004722.

[2]    Verdict Tr., Jan. 8, 2018, at 11 (D.I. 55).

that he committed on two different days in May 2017.[3] The Court then ordered a pre-sentence investigation and deferred sentencing until its completion.[4]

(2) Prior to sentencing, the State moved to declare and sentence Mr. Caulk as a habitual criminal offender.[5]

(3) On July 16, 2018, the Court granted the State's motion to apply the Habitual Criminal Act to certain of the robbery charges[6] and sentenced Mr. Caulk: (i) for one count of first-degree robbery (IN17-05-0760)—25 years at Level V to be served under the provisions of 11 *Del. C.* § 4214; (ii) for a second count of first-degree robbery (IN17-05-1322)—25 years at Level V to be served under the provisions of 11 *Del. C.* § 4214; (iii) for the third count of first-degree robbery (IN17-05-0759)—15 years at Level V, suspended after three years for two and one-half years of decreasing levels of supervision; and (iv) for PDWDCF (IN17-05-1324)—two years at Level V.[7]

---

[3] *Id.* at 11-12.

[4] *Id.* at 13.

[5] Mot. to Dec. Def. Habitual Offender, *State v. Robert Caulk*, ID Nos. 1705004722 and 1705002474 (Del. Super. Ct. Mar. 22, 2018) (D.I. 45).

[6] Order Dec. Def. Habitual Offender, *State v. Robert Caulk*, ID Nos. 1705004722 and 1705002474 (Del. Super. Ct. July 16, 2018) (D.I. 50).

[7] Sentencing Order, *State v. Robert Caulk*, ID Nos. 1705004722 and 1705002474 (Del. Super. Ct. July 16, 2018) (D.I. 51).

(4) Mr. Caulk's sentence has an effective date of July 20, 2017, and includes 70 days of credit time.[8] Each 25-year term of imprisonment for two of his first-degree robbery convictions (IN17-05-0760 and IN17-05-1322) is a minimum term of incarceration that must be imposed and cannot be suspended or reduced due to application of Mr. Caulk's habitual criminal status.[9] The three-year unsuspended Level V portion for his third robbery (IN17-05-0759) is also a minimum term of incarceration that must be imposed and cannot be suspended or reduced,[10] as is the two-year term for the PDWDCF (IN17-05-1324) conviction.[11] So the unsuspended 55-year Level V span of Mr. Caulk's sentence is comprised of cumulated minimum or mandatory periods of incarceration. And as required by then-extant law,

---

[8] *Id.*

[9] DEL. CODE ANN. tit. 11, § 4214(d) (2016) (providing that one, like Mr. Caulk, who had been twice previously convicted of Title 11 violent felonies and is thereafter convicted of another Title 11 violent felony can be declared a habitual criminal; such a habitual criminal must receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for the triggering Title 11 violent felony (or felonies) that form the basis of the State's habitual criminal petition); *id.* at § 4214(e) (prohibiting the suspension of any minimum sentence required to be imposed under § 4214(d)); *id.* at §§ 832(a) & (b), 4205(b)(2) (maximum sentence for robbery first degree is 25 years at Level V).

[10] *Id.* at §§ 832(a) & (b) (minimum mandatory sentence for robbery first degree is three years at Level V).

[11] *Id.* at §§ 1447(a), 4205(b)(2) (minimum mandatory sentence PDWDCF is two years at Level V).

not one of Mr. Caulk's several terms of confinement could be made to run concurrently with any of those other terms.[12]

(5)     Mr. Caulk immediately filed a direct appeal in the Delaware Supreme Court.  His convictions and sentences were affirmed on appeal.[13]

(6)     Shortly thereafter, Mr. Caulk docketed this motion under Superior Court Criminal Rule 35(b)[14] requesting reduction of his Level V term.[15]  He asks here that the Court order his mandatory terms of confinement imposed for his separate robbery and PDWDCF counts to run concurrently.[16] In effect, this would cut Mr. Caulk's prison term to slightly less than half of

---

[12]   *Id.* at § 3901(d) (2016) ("[N]o sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant for any conviction of . . . robbery in the first degree . . ."). *See State v. Thomas*, 220 A.3d 257, 264-65 (Del. Super. Ct. 2019) ("[I]t simply doesn't matter whether both . . . crimes in the equation are concurrent-sentence-prohibited or not.  As long as one crime in the calculation is concurrent-sentence-prohibited, it cannot be made to run concurrently with *any* other.") (emphasis in original).

[13]   *Caulk v. State*, 2019 WL 1299962 (Del. Mar. 19, 2019).

[14]   Mr. Caulk's labeling of his application as a "Petition to Request Concurrent Sentencing" is of no moment.  He's seeking to reduce his sentence of imprisonment.  And, "[t]here is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence." *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003).

[15]   D.I. 49.  The Court stayed consideration of this motion until the resolution of Mr. Caulk's Rule 61 proceedings. Letter Order, *State v. Robert Caulk*,  ID Nos. 1705002474, 1705004722 (Del. Super. Ct. Oct. 28, 2019) (D.I. 57).  His postconviction motion was denied last month. *Caulk v. State,* 2021 WL 2662250  (Del. Super Ct. June 29, 2021).

[16]   Def. Rule 35(b) Mot., at 2-4.

that imposed. According to Mr. Caulk, this relief is permitted by "House Bill #5."[17]

(7) The Court may consider such a motion "without presentation, hearing or argument."[18] The Court will decide his motion on the papers filed and the complete sentencing record in Mr. Caulk's case.

(8) When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[19]

(9) "Rule 35(b) requires that an application to reduce imprisonment be filed promptly – i.e. within 90 days of the sentence's imposition – 'otherwise, the Court loses jurisdiction' to act thereon."[20] An exception to this bar exists: to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his or her own motion must demonstrate "extraordinary circumstances."[21] A heavy burden is placed on the inmate to

---

[17] *Id.* at 1, 3.

[18] Super. Ct. Crim. R. 35(b).

[19] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[20] *Redden,* 111 A.3d at 607 (internal citations omitted).

[21] *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

establish "extraordinary circumstances" in order to uphold the finality of sentences.[22]

(10)   Mr. Caulk filed his motion more than a year after he was sentenced. To the extent he believes that "House Bill #5"[23]—which around the time of his filing further expanded a Delaware sentencing judge's authority to impose concurrent, rather than consecutive terms of confinement—provides some exceptional avenue for relief under Rule 35(b),[24] he is incorrect. "Rule 35(b) is not now, nor ever has been, an instrument for reexamination of previously imposed sentences in light of subsequent statutory changes."[25] And so, such subsequent statutory changes simply do not meet Rule 35's "extraordinary circumstance" criterion.[26]

(11)   Lastly, Mr. Caulk is indeed asking for the retroactive application of the 2019 Amended Sentencing Act (*i.e.*, "House Bill #5")—a sentencing

---

[22]   *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[23]   *See* Del. H.B. 5 § 1, 150th Gen. Assem., 82 DEL. LAWS ch. 66, § 1 (2019) (*amending* DEL. CODE ANN. tit. 11, § 3901(d)).

[24]   Def. Rule 35(b) Mot., at 1 (stating "House Bill # 5 . . . is replete with it's [sic] intent to give courts absolute discretion" to grant the relief Mr. Caulk seeks).

[25]   *Thomas*, 220 A.3d at 261.

[26]   *Id.* at 262-63.

reform provision enacted while he was already in prison serving his sentence. He seems to suggest that there is some alternate mechanism within the 2019 Amended Sentencing Act's enactment itself that permits the Court to modify its original sentencing judgment and now deem his robbery and weapons terms of confinement to have been running concurrently since July 2017.[27] But as this Court has held, "the General Assembly neither provided for such retroactivity explicitly nor included special procedures to address its retrospective application."[28] Thus, application of the 2019 Amended Sentencing Act to modify the terms of Mr. Caulk's pre-existing sentence and to order each separate period of his confinement to run (or deem those periods to have been running) concurrently is prohibited.[29]

**NOW, THEREFORE, IT IS ORDERED** that Mr. Caulk's motion for reduction or modification of sentence is **DENIED**.

Paul R. Wallace, Judge

Original to Prothonotary
cc:  Mr. Robert P. Caulk, *pro se*
      Matthew C. Bloom, Deputy Attorney General
      Timothy Maguire, Deputy Attorney General
      Investigative Services Office

---

[27]   Def. Rule 35(b) Mot., at 3-4.

[28]   *Thomas*, 220 A.3d at 265.

[29]   *Id.*